UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK HOGAN** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CASE NO. 5:17-cv-00526** |
| | § | |
| **ALLSTATE TEXAS LLOYDS** | § | |
| **Defendant.** | § | |

## DEFENDANT, ALLSTATE TEXAS LLOYD'S, NOTICE OF REMOVAL

Defendant, Allstate Texas Lloyds, hereby removes this lawsuit which is currently pending in the District Court of the 407th Judicial District of Bexar County, Texas, Cause No. 2017CI08536, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1332. In support, Defendant would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff, Mark Hogan, is an individual who resides in San Antonio, Bexar County, Texas.

2. Defendant, Allstate Texas Lloyds, is an unincorporated association of individual underwriters. There are ten underwriters of Allstate Texas Lloyds, all of whom are residents and citizens of the State of Illinois.

### II.
### BACKGROUND OF STATE COURT ACTION

3. The State Court's Docket Sheet is attached herein. *See* **Exhibit A**.

4.      On May 9, 2017, Plaintiff filed his Original Petition styled *Plaintiff Mark Hogan's Original Petition,* in the District Court of the 407th Judicial District of Bexar County, Texas, Cause No. 2017CI08536.  *See* **Exhibit B** (Original Petition).

5.      Plaintiffs served Defendant on May 17, 2017.  *See* **Exhibit C** (Service of Process).

6.      Defendant filed its answer to the suit on June 9, 2017, generally denying all claims.  *See* **Exhibit D** (Original Answer).

7.      Plaintiff's Original Petition alleges that Defendant has wrongfully underpaid Plaintiff in accordance with the insurance contract and failed to fully quantify Plaintiff's covered losses and either failed to conduct a thorough investigation of Plaintiff's claim or intentionally adjusted the claim improperly. *See* Exhibit B at page 3.

8.      Plaintiff asserts causes of action for negligence, breach of contract, breach of duty of good faith and fair dealing, breach of Section 541.051 and 541.052 of the Texas Insurance Code, and breach of the Texas Deceptive Trade Practices-Consumer Protection Act *See* Exhibit B at pages 6-15.

9.      This Notice of Removal is timely filed within thirty (30) days after receiving notice of the suit.  *See* 28 U.S.C. § 1446(b)(1).

10.     No orders have been signed by the state court judge. The claim asserted in Bexar County District Court was subject to the Bexar County Standing Order regarding hail and wind claims of April and May, 2016. *See* **Exhibit E** (Bexar County Standing Order).

### III.
### GROUNDS FOR REMOVAL

11.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity

between the parties at the time of the filing of the suit and at the time of the removal and the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### *Parties are Diverse*

a.  *Plaintiffs' Citizenship*

12. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985).

13. Here, Plaintiff's pleading asserts that he is a resident of Bexar County, Texas.  *See* Exhibit A at page 1.  Plaintiff has not pled any other facts of their residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

b.  *Defendant Allstate Texas Lloyds Citizenship*

14. Citizenship of an unincorporated association is determined by the citizenship of its members. 28 U.S.C. § 1332(a). For the purposes of determining citizenship of a Lloyds organization, the court looks to the citizenship of the Lloyds members. *See Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex., Galveston Div. 1998). Here, Defendant is an unincorporated association of individual underwriters who are all citizens and residents of the State of Illinois.  Accordingly, Defendant is a citizen of the State of Illinois.  *See id.*

### *Amount in Controversy*

15. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1)

demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a *legal certainty*, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

16. As detailed below, Defendant can show that the amount in controversy exceeds $75,000.00 because it is apparent from the face of the petition.

*Amount is Facially Apparent*

17. If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement. *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). In the instant case, Plaintiffs Original Petition, paragraph 60, states as follows:

> More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

*See* Exhibit B at page 16. As Defendant can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

18. Accordingly, since the claim made basis of this suit clearly exceeds the jurisdictional limits of $75,000.00, as established by the objective, competent evidence, this Court has original jurisdiction, and removal is proper.

## IV.
## VENUE

19. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

WHEREFORE, Defendant Allstate Texas Lloyds requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: /s/ Robert E. Valdez
    **Robert E. Valdez**
    Attorney-in-Charge
    State Bar No. 20428100
    revaldez@valdeztrevino.com
    **B. Clayton Hackett**
    Of Counsel
    State Bar No. 24078612
    chackett@valdeztrevino.com
**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Plaza Las Campañas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile:  (210) 598-8797

*Attorney for Defendant Allstate Texas Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all parties of record by electronic service on June 14, 2017:

Sean Patterson                                              Via E-service
James M. McClenny
J. Zachary Mosely
McCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 20
Houston, Texas 77060
Counsel for Plaintiff

/s/ Robert E. Valdez
Robert E. Valdez